UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

EDWIN SANCHEZ,

              Defendant.

**DECISION AND ORDER**
13-CR-83S (5)
19-CV-1275S

## I. INTRODUCTION

Presently before this Court is Petitioner Edwin Sanchez's pro se Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. For the reasons discussed below, the petition is dismissed as untimely and, alternatively, denied on the merits.

## II. BACKGROUND

On December 22, 2016, Sanchez pleaded guilty to conspiring to possess with intent to distribute, and to distribute, 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. See Docket Nos. 471, 473. About seven months later, on July 12, 2017, this Court sentenced Sanchez to 168 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees or costs, which was consistent with the sentencing provision in Sanchez's plea agreement that called for imposition of an agreed-upon 168-month sentence pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure. See Plea Agreement, Docket No. 471, ¶ 13; Docket No. 587. The Clerk of Court entered judgment on July 20, 2017. See Docket No. 588. Sanchez did not appeal.

Approximately two years later, on June 3, 2019, Sanchez filed a "Notice," which this Court construed as a Motion to Vacate, Set Aside, or Correct his Sentence under §

1

2255. See Docket Nos. 642, 643. After affording Sanchez the time and opportunity to avoid the recharacterization of his "Notice" into a § 2255 motion, this Court construed the "Notice" as such and directed that it be so filed. See Docket Nos. 643, 648, 664, 666. The government responded to the petition on December 16, 2019. See Docket No. 665. Sanchez filed a reply on February 18, 2020, after which this Court took the petition under advisement without oral argument. See Docket No. 667.

### III. DISCUSSION

**A.     Sanchez's Petition**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the legality of their sentences. Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time allowed by law." Rose v. United States, No. 13-CV-5885, 2013 WL 5303237, at *1 (S.D.N.Y. Sept. 20, 2013) (quoting Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2005)); 28 U.S.C. § 2255 (a). A prisoner is entitled to a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (b); see also Pham v. United States, 317 F.3d 178, 184-85 (2d Cir. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion

> created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Under § 2255 (f)(1), a petition must be filed within one year of the date that the underlying conviction becomes final. When a petitioner fails to file a direct appeal, the judgment of conviction "becomes final when the time for filing a direct appeal expires." See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Apotosky v. United States, 09-Cr-166A, 13-CV-737A, 2016 WL 1584383, at *2 (W.D.N.Y. Mar. 8, 2016) (citing Moshier). The time for filing a direct appeal expires 14 days after entry of judgment. See Fed. R. App. P. 4 (b)(1)(A)(i).

Here, the Clerk of Court entered judgment on July 20, 2017. See Docket No. 588. Sanchez's time to file an appeal expired 14 days later, on August 3, 2017. See Fed. R. App. P. 4 (b)(1)(A)(i). Sanchez did not appeal. He therefore had one year from August 3, 2017, within which to file his § 2255 petition. But Sanchez first filed his "Notice" on June 3, 2019, which is one year and ten months after August 3, 2017. See Docket No. 681. Sanchez's petition is therefore untimely under 28 U.S.C. § 2255 (f)(1).

Sanchez appears to recognize that his petition is time barred. In an effort to have this Court belatedly consider his motion under Rule 60 of the Federal Rules of Civil

3

Procedure or Rule 36 of the Federal Rules of Criminal Procedure, neither of which apply or would provide the relief sought,[1] Sanchez writes that his motion "stands limited within the time lines of A.E.D.P.A."  See Reply Memorandum, Docket No. 667, ¶ 1.  Yet he appears to also assert that his petition is timely because he is actually innocent.  See id. (". . . Petitioner claims actual innocence of committing a federal crime . . .").  Sanchez does not, however, sufficiently assert actual innocence, which requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and a showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 324-27, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).  Consequently, Sanchez's petition is untimely and must be dismissed.

Nevertheless, even if it was timely, Sanchez's petition would fail on the merits.  His single claim is that this Court lacked jurisdiction over his prosecution.  See Petition, Docket No. 666, ¶ 6. He alleges "that he was denied criminal due process of law, due to the above mentioned fact, that the United States District Court for the Western District of New York was only established as a Civil Court pursuant to Title 28 U.S.C., and not a Criminal Court established under Title 18 U.S.C. . . . ."  Id.  Citing 18 U.S.C. § 23, Sanchez argues that the criminal offenses in Title 18 can be prosecuted only in Guam, the Northern

---

[1] Even if considered under these rules, Sanchez's petition would fail.  First, Rule 60 of the Federal Rules of Civil Procedure provides a procedural mechanism to obtain relief from a *civil* judgment.  It does not apply in criminal proceedings.  See Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure govern only civil suits); United States v. Bastien, Nos. 09-cr-205 & 09-cr-757, 2013 WL 1701601, at *6 (E.D.N.Y. Apr. 19, 2013) ("Rule 60 of the Federal Rules of Civil Procedure applies only to civil cases; the rule provides a mechanism for relief from civil judgments, exclusively.") (emphasis in original) (collecting cases).  Second, Rule 36 of the Federal Rules of Criminal Procedure provides a procedural mechanism for correcting a clerical error in a judgment, order, or other part of the record, or to correct an error in the record arising from oversight or omission.  None of the relief Sanchez seeks would fall under this rule.

Mariana Islands, and the Virgin Islands.  Id. at ¶ 4.  He is wrong.

Eighteen U.S.C. § 3231 expressly provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  This statute confers proper jurisdiction over violations of federal criminal laws to the United States District Court for the Western District of New York and the other district courts.

Sanchez's reliance on 18 U.S.C. § 23 is misplaced.  That statute simply provides that "[a]s used in [Title 18], except where otherwise expressly provided[,] the term 'court of the United States' includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court for the Virgin Islands."  Contrary to Sanchez's argument, § 23 does not confer *exclusive* jurisdiction in the district courts of Guam, the Northern Mariana Islands, and the Virgin Islands to the exclusion of the nation's other district courts, which find jurisdiction under § 3231.  Such a reading would create an absurd result.  As one court stated in rejecting the same argument that Sanchez asserts here:

> It would of course be remarkable if the United States Constitution created the judicial branch of government and Congress enacted an elaborate federal criminal code, only to have Congress restrict the district courts with jurisdiction over federal crimes to the district courts of Guam, the Northern Mariana Islands, and the Virgin Islands.  It is true that § 23 provides that "court of the United States" includes the district courts of Guam, the Northern Mariana Islands, and the Virgin Islands.  But the statute does not exclude from the definition of "court of the United States" the other United States district courts in the judicial districts within the United States.

See United States v. Nobrega, 1:10-cr-186-JAW, 1:15-cv-134-JAW, 2019 WL 6619853, at *7 (D. Me. Dec. 5, 2019).

5

Accordingly, even if timely, Sanchez's petition would fail on the merits.

**B.      Evidentiary Hearing**

Section 2255 provides that a court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 (b) also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

Here, this Court finds that no evidentiary hearing is warranted or required because Sanchez's motion and the record conclusively demonstrate that the motion is untimely and that, alternatively, Sanchez is not entitled to relief under § 2255. See Orbach v. United States, 11 Cr. 111 (NRB), 2017 WL 5632815, at *7 (S.D.N.Y. Nov. 7, 2017) (denying request for a § 2255 hearing where "[t]he existing record is conclusive that petitioner is not entitled to relief on any theory presented to [the court]").

**C.      Certificate of Appealability**

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To make the required "substantial showing," Sanchez must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted). Sanchez makes no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not issue.

## IV. CONCLUSION

For the reasons stated above, Sanchez's Motion to Vacate, Set Aside or Correct his Sentence is denied. If Sanchez wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit, in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 666) is DISMISSED as untimely and, in the alternative, DENIED on the merits.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is directed to CLOSE 19-CV-1275S.

7

FURTHER, that the Clerk of Court is directed to mail a copy of this decision to Petitioner at his correctional institution of record.

SO ORDERED.

Dated: June 18, 2021
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge